IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00177-MR

| | |
|---|---|
| ACQUILLA BOOZE CAIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| M. OSBORNE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se Plaintiff, a pretrial detainee at the Iredell County Detention Center (ICDC), filed the instant action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the ICDC on April 11, 2023. [Doc. 1]. He names as Defendants M. Osborne, a shift lieutenant, and FNU Sidburry, a detention officer. He asserts claims under the Fourth and Fourteenth Amendments, and for "assault" for an incident when Defendant Osborne allegedly slammed the Plaintiff to the floor of a medical exam room while the Plaintiff was handcuffed, resulting in injuries. He seeks damages.

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Civil Case No. 5:23-cv-117-KDB, in which he names the same Defendants, asserts the same claims, and seeks the same relief.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

This action is so overlapping and duplicative of Civil Case No. 5:23-cv-117-KDB that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice.

**The Plaintiff is directed to carefully review the Order of Instructions [Doc. 3] before filing any further documents with the Court. He is further cautioned that the repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**.

## IV. CONCLUSION

In sum, this action is duplicative of Civil Case No. 5:23-cv-117-KDB. As such, the instant action will be dismissed without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

3

Case 5:23-cv-00177-MR   Document 8   Filed 02/07/24   Page 3 of 4

**IT IS SO ORDERED.**
Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge